# In the United States District Court for the Western District of Texas

| | |
|---|---|
| CECILIA M. TERRAZAS<br>Plaintiff,<br><br>v.<br><br>NCS PEARSON, INC. A/K/A<br>PEARSON ASSESSMENT<br>Defendant. | §<br>§<br>§    Civil No.: SA-09-CV-202-XR<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER**

On this date, the Court considered Plaintiff's "motion to remand and alternative motion to enter *sua sponte* order"(docket no. 8), as well as Defendant's response and supporting brief (docket no. 10). For the reasons stated herein, the Court DENIES Plaintiff's motion in all respects.

## I. Background

**A.    Plaintiff's Original Petition**

Plaintiff Cecilia M. Terrazas originally filed this lawsuit in Bexar County Court at Law Number 2. In her original petition filed in state court, Plaintiff asserts that she was hired in 1999 by Defendant Pearson Assessment as a temporary employee and then in August 2002 as a permanent employee.[1]

---

[1] The petition does not state Plaintiff's exact position title, but it is implied in her petition and corroborated by her EEOC Intake Questionnaire (Exhibit A to the Appendix in Support of Defendant's Response) that she was employed as a Shift Supervisor.

Plaintiff alleges that "from or around July 2007 and thereafter, the Scanning Department Manager subjected Plaintiff to terms and conditions of employment different from those which the male Shift Supervisors enjoyed." She alleges that she was forced to reschedule her vacation, was not provided a laptop or computer software necessary to perform her job duties, and was not included in lunch meetings between the Department Manager and the male Shift Supervisors.

Plaintiff alleges that in January 2008, the Department Manager wrote her up for incidents that had occurred in the previous four months, and that Plaintiff had not received prior notice of problems and was not given opportunities to resolve concerns prior to the disciplinary action. Plaintiff alleges that the male Shift Supervisors, who had the proper equipment to perform their jobs, were not disciplined for similar issues for which Plaintiff was disciplined. Plaintiff asserts that on or about February 20, 2008, the Scanning Department Manager told her that she was being discharged because he had "lost confidence in her as a leader." Plaintiff alleges that she was replaced with a less experienced and/or less qualified male employee.

Section VII of Plaintiff's petition has the heading "Tex. Labor Code § 21.051 et seq." In this section, Plaintiff alleges that "the acts committed by the agents, servants and/or employees of Defendant in discriminating and retaliation against Plaintiff constitute violations of Tex. Labor Code §§ 21.051,

21.055, 21.056, and any other applicable provisions." However, Plaintiff further alleges that "she was wrongfully terminated and treated differently based on her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended." Plaintiff then alleges that "Defendant generally violated the spirit of and intent of the Labor Code, including § 21.051, in that Defendant discharged or otherwise discriminated against Plaintiff." Plaintiff's petition seeks damages for past and future mental anguish, suffering and emotional distress, past and future lost wages, "pecuniary and pecuniary losses, past and future," punitive damages, and reasonable attorneys' fees and costs.

**B.    Notice of Removal**

On March 18, 2009, Defendant timely removed the case on the grounds of both federal question jurisdiction and diversity jurisdiction. Defendant bases federal question jurisdiction on Plaintiff's allegation that Defendant violated Title VII. With regard to diversity jurisdiction, Defendant states on information and belief that Plaintiff is a citizen of Texas, and Defendant asserts that it was and is a corporation organized and chartered in the State of Minnesota and with its principal place of business there.  Defendant alleges that it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interests and costs.

## C. Plaintiff's Motion to Remand[2]

In her motion, Plaintiff contends that she brings only state law claims and that Defendant has not properly demonstrated that the amount in controversy exceeds $75,000. Plaintiff states that her original petition alleged only state causes of action, specifically only claims under the Texas Labor Code. Plaintiff also attaches an affidavit dated March 27, 2009, in which she states that she is not currently asserting, and will not assert in the future, any federal causes of action, and that she is not seeking more than $75,000 in damages.

## II. Standard of Review

The party seeking to invoke the jurisdiction of a federal court carries the burden of establishing the existence of federal jurisdiction. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). When a case is removed to federal court, the removing party must prove that federal jurisdiction existed at the time of removal. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

When the amount in controversy is at issue, and a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must

---

[2] Plaintiff requests in the alternative that the Court enter a *sua sponte* order remanding the case. As the Court is already considering a motion to remand, the Court does not see the need to separately address whether the case should be remanded *sua sponte*. In any event, there is no basis for a *sua sponte* remand.

4

prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. See *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). To satisfy this burden, the Defendant must either (1) demonstrate that it is facially apparent from the petition that the claim likely exceeds $75,000 or (2) set forth facts in controversy that support a finding of the requisite amount. *Tovar v. Target Corp.*, 2004 WL 2283536 (W.D. Tex. 2004). If the Defendant meets this burden, the Plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). Plaintiff's "legal certainty" obligation [may] be met by filing a binding stipulation or affidavit with their complaint." *Id.* at 1412.

### III. Analysis

### A. Federal Question Jurisdiction

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether a case "arises under federal law" we look to whether the "plaintiff's well-pleaded complaint raises issues of federal law." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5thCir. 2001).

Plaintiff's assertion in her response that she brings "claims strictly under

5

the Texas Labor Code" is contradicted on the face of her petition. As noted, the petition clearly alleges that she was wrongfully terminated in violation of Title VII. As Defendant notes, coupled with the alleged facts, this is sufficient to state a claim under Title VII. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Plaintiff has described the alleged wrongful termination and plainly asserted that her termination violated Title VII. Plaintiff's petition expressly invokes Title VII, a federal law, and expressly alleges a violation of that law. It does not indicate that the alleged violation of federal law was intended only to establish a violation of the Texas Labor Code. *Compare Howery*, 243 F.3d at 917-18 (finding no federal question presented when plaintiff's inclusion of federal law references merely served to describe types of conduct that violated the Texas DTPA, but plaintiff did not explicitly allege a violation of a federal law). Thus, federal question jurisdiction is apparent on the face of the complaint, and removal was proper, Plaintiff's affidavit to the contrary notwithstanding. Even if this allegation was a mistake, it states a federal claim and the Court cannot remand for lack of federal question jurisdiction. *Barron v. Clay Cooley*, 2009 WL 1904677 (N.D. Tex. 2009); *Franks v. East*, 2008 WL 4057078 (N.D. Miss. 2008).

**B. Diversity Jurisdiction**

In this case, diversity of citizenship appears undisputed. Plaintiff's petition alleges that she is a resident of Texas, and Defendant's notice of removal

6

alleges that she is a citizen of Texas, which Plaintiff has not challenged. Defendant's assertion that it is a citizen of Minnesota is also unchallenged.

Plaintiff does, however, challenge the amount-in-controversy requirement. Defendant asserts that the fact that the amount in controversy exceeds $75,000 is apparent from the face of the petition based on her requested damages – past and future mental anguish, past and future lost wages, past and future pecuniary losses, punitive damages, and reasonable attorney's fees. As noted by Defendant, this Court has previously held that similar damages requests were sufficient to reach the amount-in-controversy threshold. *See, e.g.*, *Tovar v. Target Corp.*, Civ. A. No. 04-CV-557, 2004 WL 2283536 (W.D. Tex. 2004).

In addition to relying on the face of the petition, however, Defendant provides evidence regarding the amount in controversy. Defendant points to an intake questionnaire prepared for the EEOC, in which Plaintiff listed her annual salary as $38,700 with a 3% 401(k) match. Plaintiff has not challenged this evidence. Considering the amount of Plaintiff's annual salary, the Court finds that Defendant has proved by a preponderance of the evidence that Plaintiff's requested damages, including front and back pay, punitive damages and attorney's fees,[3] meet the amount-in-controversy requirement.

Even when a defendant has satisfied its burden to show by a

---

[3] Plaintiff's motion for remand indicates that her attorney charges $300 per hour.

preponderance of the evidence that the amount in controversy exceeds $75,000, the Plaintiff may defeat removal by showing that it is legally certain that the amount in controversy does not exceed $75,000. A party seeking to prevent removal may file a binding stipulation or affidavit with their petition. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 2005). Thus, if a Plaintiff attaches an affidavit to her petition before removal, it will be binding and become incorporated as part of the petition to limit recovery. The Fifth Circuit and this Court both recognize that "a Plaintiff who does not desire to try his case in federal court . . . may [in good faith] . . . sue for less than the jurisdictional amount, [even though] he would justly be entitled to more." *De Aguilar*, 47 F3d. at 1410. However, it is equally clear that post-removal affidavits limiting the amount in controversy will not defeat removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1983); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

Here, Plaintiff's affidavit is dated March 27, 2009, which post-dates Defendant's March 18, 2009 notice of removal. Accordingly, the Court finds that the affidavit cannot defeat removal based on diversity jurisdiction.

## Conclusion

Plaintiff's motion to remand and alternative motion to enter *sua sponte* order (docket no. 8) is in all things DENIED. If Plaintiff genuinely erred in

8

including language asserting a Title VII claim in her state court petition, Plaintiff is given leave to amend to remove the Title VII claim because the Court will not force Plaintiff to pursue a claim that she does not desire to pursue. Even if Plaintiff chooses to amend to remove the Title VII claim, however, the Court has diversity jurisdiction over this case such that remand would not be warranted.

It is so ORDERED.

SIGNED this 16th day of September, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE